**Lenore S. RAILA, Whitton A. Raila, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**Docket No. 03–6057.**

United States Court of Appeals, Second Circuit.

Argued: Nov. 6, 2003.

Decided: Jan. 14, 2004.

Robert A. Slavitt, Slavitt, Connery & Vardamis, Norwalk, CT for Plaintiffs–Appellants Lenore S. Raila, Whitton A. Raila.

Douglas P. Morabito, Assistant United States Attorney, William J. Nardini (on the brief) for Kevin J. O'Connor, United States Attorney, District of Connecticut, for Defendant–Appellee United States of America.

Before: CARDAMONE, SOTOMAYOR, KATZMANN, Circuit Judges.

KATZMANN, Circuit Judge.

Plaintiff Lenore Raila was injured when she slipped on a package that had been left just below her front door step. She filed suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680 (2000), alleging that the proximate cause of her injuries was the negligence of the postal employee who placed the package where someone might slip on it. The defendant moved to dismiss the complaint on the ground that the district court lacked subject matter jurisdiction, because the so-called postal matter exception to the FTCA, 28 U.S.C. § 2680(b) (2000), shields the government from liability in this situation. In an order dated February 26, 2003, the U.S. District Court for the District of Connecticut (Covello, *J.*) granted the defendant's motion. We reverse.

## BACKGROUND

We review the district court's decision on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) *de novo. See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. *Id.* Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *See Sec. Investor Protection Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 68 (2d Cir.2000).

Plaintiffs-appellants Lenore Raila and Whitton Raila reside at 31 Gregory Boulevard in Norwalk, Connecticut. They commenced this action in the U.S. District Court for the District of Connecticut on September 11, 2002. Accepting the facts alleged in the complaint as true, on the afternoon of November 26, 2001, Ms. Raila, upon exiting the front door of her residence, slipped on a package that had been placed immediately below her front door step by an employee of the United States Postal Service ("USPS"). Ms. Raila fell to the ground and suffered injuries including a hip fracture, abrasions to her forehead, shock to her nervous and skeletal system, bilateral numbness and tingling in her hands, and severe emotional and physical pain and suffering. As a result of his wife's injuries, Mr. Raila suffered loss of consortium. The plaintiffs' injuries were caused by the negligence and carelessness of the USPS employee who placed the package on the stoop and failed to warn the occupants of the home of its location and potential danger.

Plaintiffs filed suit under the FTCA. That statute, which was enacted on August 2, 1946, broadly waived the sovereign immunity of the United States with regard to suits in tort. It confers jurisdiction upon the district courts to hear claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (2000). However, Congress carved out certain exceptions to this broad waiver of sovereign immunity. One exception, commonly referred to as the "postal matter exception," preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) (2000).

At issue in this case is the meaning of the phrase, "negligent transmission" in § 2680(b). Specifically, the question is whether the word "transmission" applies to the situation in this case, such that the government is immune to suit. The district court looked to the ordinary meaning of the statutory language. The court found that Webster's Third New International Dictionary defined "transmit" as "to cause to go or be conveyed to another person or place." In addition, the court cited the opinions of district courts from other jurisdictions which interpreted the postal matter exception. In *Robinson v. United States*, 849 F.Supp. 799, 802 (S.D.Ga.1994), the court found that transmission begins "when a postal patron deposits postal matter with the Postal Service and would end when the postal matter was delivered by the Postal Service to a third-party." And in *Bono v. United States*, 145 F.Supp.2d 441, 446 (D.N.J. 2001) the district court held that the postal matter exception shielded the government from liability for negligent placement of a package that resulted in a slip and fall. For these reasons, the district court concluded that the government had not waived sovereign immunity and granted the government's motion to dismiss the complaint.

## DISCUSSION

The Supreme Court has held that, in construing the exceptions to the FTCA's waiver of sovereign immunity, courts should look to the intent of Congress. "[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended." *Smith v. United States*, 507 U.S. 197, 203, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993) (internal quotation marks omitted).

The postal matter exception excludes "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) (2000). The issue that we must resolve is whether "negligent transmission" refers only to negligence that results in loss of, or damage to, the postal material itself, or whether "negligent transmission" also encompasses the negligent placement of postal material that causes injury to someone or something other than the mail. Because a question of statutory interpretation is at issue, we review the district court's conclusion *de novo*. *See United States v. Rood*, 281 F.3d 353, 355 (2d Cir.2002).

Statutory construction begins with the plain text, and, "where the statutory language provides a clear answer, it ends there as well." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999). In evaluating ambiguity we look to the statutory scheme as a whole and place the particular provision within the context of that statute. *Saks v. Franklin Covey Co.*, 316 F.3d 337, 345 (2d Cir.2003).

The meaning of the words "negligent transmission" is not self-evident. Because a postal worker's every step is, on some level, taken as part of the "transmission of letters [and] postal matter"—that being the business of the USPS—the phrase "negligent transmission" could plausibly embrace every negligent act by any postal employee. In referring to "loss, miscarriage, or negligent transmission," however, we think Congress, in keeping with the rule of *noscitur a sociis*, intended "negligent transmission" to be interpreted more narrowly, so as to be consonant with the words "loss" and "miscarriage." *See Dole v. United Steelworkers*, 494 U.S. 26, 36, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990); 2A Norman J. Singer, *Statutes and Statutory*

*Construction* § 47:16 (6th ed.2000); William N. Eskridge, Jr., Philip P. Frickey & Elizabeth Garrett, *Legislation and Statutory Interpretation* 253–55 (2000). The words "loss" and "miscarriage" can only refer to damages and delay of the postal material itself and consequential damages therefrom. Interpreted this way, the postal matter exception eliminates liability for such damage, but it does not preserve sovereign immunity for other injuries, such as those that result from a slip and fall on a package that was left in the wrong place.

In interpreting the postal matter exception, the Supreme Court has noted that its language is narrower than the language of other exceptions. *See Kosak v. United States*, 465 U.S. 848, 855, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984). For example, §§ 2680(*l*)[1] and 2680(m)[2] preserve sovereign immunity for any claim arising from the activities of the Tennessee Valley Authority and the Panama Canal Company, respectively. Section 2680(c) bars any claim arising in respect of the assessment or collection of any tax or customs duty.[3] However, § 2680(b) does not categorically bar all claims arising from the activities of the USPS, but only those arising from the loss, miscarriage, or negligent transmission of letters or postal matter. As the Supreme Court observed:

The specificity of 2680(b), in contrast with the generality of 2680(c), suggests, if anything, that Congress intended the former to be *less* encompassing than the latter. The motivation for such an intent is not hard to find. One of the principal purposes of the [FTCA] was to waive the Government's immunity from liability for injuries resulting from auto accidents in which employees of the Postal System were at fault. In order to ensure that 2680(b), which governs torts committed by mailmen, did not have the effect of barring precisely the sort of suit that Congress was most concerned to authorize, the draftsmen of the provision carefully delineated the types of misconduct for which the Government was not assuming financial responsibility—namely, "the loss, miscarriage, or negligent transmission of letters or postal matter"—thereby excluding, by implication, negligent handling of motor vehicles.

*Kosak v. United States*, 465 U.S. at 855, 104 S.Ct. 1519 (emphasis in original).

The government does not contest that one of the primary purposes of the FTCA was to waive the sovereign immunity of the United States for accidents caused by the negligence of postal employees driving postal vehicles—and that the postal matter

**1.** "Any claim arising from the activities of the Tennessee Valley Authority."

**2.** "Any claim arising from the activities of the Panama Canal Company."

**3.** "Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if—

(1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;

(2) the interest of the claimant was not forfeited;

(3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law."

exception was never intended to bar such claims. *See* Brief for the Defendant–Appellee at 14 n. 4. If that exception does not prevent such claims, as we think the government correctly asserts, we see no logical reason to bar claims resulting from the negligence of the postal employee who places a package where someone might slip on it.

The legislative history of the FTCA with respect to the provision at issue is hardly extensive. However, a committee report on a prior version of the legislation notes that "the common-law torts of employees of regulatory agencies would be included within the scope of the bill.... Thus, [the exceptions]... are not intended to exclude such common-law torts as an automobile collision caused by the negligence of [a government employee]." H.R.Rep. No. 77–2245, at 10 (1942).

At a hearing on a previous version of the proposed legislation before a Senate subcommittee, Abraham Holtzoff, Special Assistant to the Attorney General, testified that "[e]very person who sends a piece of postal matter can protect himself by registering it, as provided by the postal laws and regulations. It would be intolerable, of course, if in any case of loss or delay the Government could be sued for damages. Consequently, this provision was inserted." *Hearings on S. 2690 Before a Subcomm. of the Senate Comm. on the Judiciary,* 76th Cong. 38 (1940) (testimony of A. Holtzoff, Special Assistant to the Attorney General of the United States). This testimony strongly suggests that the purpose of the postal matter exception was to shield the government for liability arising from loss of or harm to the mail itself, not for injuries caused by the common law torts of postal employees. In interpreting the postal matter exception, one court—citing the Holtzoff testimony—found that "Congress was concerned with shielding the

courts from the potential landslide of lawsuits that might be generated by the unavoidable mishaps incident to the ordinary, accepted operation of delivering millions of packages and letters each year." *Birnbaum v. United States,* 436 F.Supp. 967, 974 (E.D.N.Y.1977), *rev'd in part,* 588 F.2d 319 (2d Cir.1978). The court sensibly concluded that where the nature of the injury was such that the injured party could not protect himself or herself by registering the parcel, the postal matter exception did not apply.

Further, the government's interpretation leads to absurd results. For example, consider a situation in which a USPS employee is driving a postal truck in the course of a mail delivery route. The driver throws a package toward the home to which it is to be delivered. The package hits a pedestrian and causes injury. At the same time, the driver has taken his eye off the road and the truck strikes another pedestrian, killing him. Under the government's proposed interpretation of "negligent transmission," the government would be liable for the injury caused by the truck, but not by the flying package.

Consider also a situation in which two customers enter a post office and one turns right, the other turns left. Both slip on puddles of water that had been created through the negligence of postal employees. One puddle was created when a postal worker negligently dropped a parcel, shattering a vessel containing liquid. The other puddle was created by the janitor, who negligently failed to wipe away all the water when washing the floor. Under the defendant's proposed construction of "negligent transmission" the government would be liable for the injury caused by the janitor's puddle, but not for the injury caused by the shattered vessel, because the latter negligence occurred during the "transmission" of postal material.

At oral argument, the Court asked counsel for the government to respond to these and other hypothetical situations, which appeared in an appendix to the plaintiffs' brief. The government agreed that in each of these two hypothetical situations, there would be liability to one plaintiff but not the other.[4] These results are plainly absurd and caution against adoption of the government's interpretation of the statute.

In light of the foregoing, we hold that the postal matter exception, 28 U.S.C. § 2680(b) (2000), does not bar the plaintiffs' claims. Accordingly, it was error for the district court to dismiss the complaint for lack of subject matter jurisdiction.

The appellee contends that, were the appellants to prevail, a large volume of litigation could result. We cannot predict with any certainty the consequences of our holding. In any event, our task is not to make policy, but rather, constrained by the words of the statute, to interpret its language consistent with the intent of Congress. If Congress wishes to amend the statute to render the government immune from such actions, it has the capacity to do so.

## CONCLUSION

After considering all the arguments raised by the parties, we reverse the district court's order granting the defendant's motion to dismiss the complaint and remand the case to the district court for further proceedings not inconsistent with this opinion.

---

4. With regard to the second hypothetical (the two puddles), the government disputes the result because "a postal employee is not negligent every time he drops a package on the floor." However, the government concedes that if the postal worker were, indeed, negligent in dropping the package containing the liquid, that there would be liability for the injury caused by one puddle but not the other. *Letter from Assistant United States Attorney Douglas P. Morabito to Roseann B. MacKechnie,* Nov. 10, 2003.