R & B REALTY GROUP d/b/a Oakwood Worldwide and Oakwood Corporate Housing, Inc. Plaintiffs,

v.

Jeanne Ann HEISER, Defendant.

No. CIV. 3:04CV766(PCD).

United States District Court,
D. Connecticut.

June 17, 2004.

Barry J. Waters, Theresa M. Parietti, Murtha Cullina LLP, New Haven, CT, for R & B Rlty Group, dba Oakwood Worldwide, Oakwood Corporate Housing, Inc, Plaintiffs.

Barbara H. Katz, Law Offices of Barbara H. Katz, New Haven, CT, Carolyn W. Kone, Brenner, Saltzman & Wallman, New Haven, CT, Kenneth G. Roberts, Wolf, Block, Schorr & Solis–Cohen—NY, New York, NY, for Jeanne Ann Heiser, Defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS COMPLAINT and PENDING MOTIONS

DORSEY, Senior District Judge.

Defendant has filed a Motion to Dismiss Complaint. For the reasons stated herein, Defendant's motion is **granted**, and all other pending motions are **denied** as moot.

## I. Background

Plaintiff R & B Realty Group ("R & B") is a California limited partnership with a principal place of business in California. Plaintiffs allege that R & B "does business as Oakwood Worldwide [ ('OW') ] and also does business as Oakwood Corporate Housing [ ('OCH') ]." Am. Compl. ¶ 1.[1] Plaintiff Oakwood Corporate Housing, Inc. ("OCHI") is incorporated in California with a principal place of business in California. Plaintiffs allege that OCHI "also does business as Oakwood Corporate Housing." Am. Compl. ¶ 3. OCHI has been registered to do business with the Connecticut Secretary of State since approximately April 8, 1996. R & B, OW, and OCH are not noted as registered. No trade name registration for any alleged d/b/a is recited. *See* CONN. GEN. STAT. § 35–1. Though referred to in the Amended Complaint as a plaintiff OCH was neither listed as such in the original complaint nor has it been added as such by an Order. As only a trade name, OCH has no independent legal status. Defendant treats OCHI as an added party Plaintiff.

Defendant Jeanne Ann Heiser resides in East Norwalk, Connecticut.

OCH provides fully furnished short- and long-term residential housing to various business and relocation clients. R & B allegedly hired Defendant in August, 1998 as an account executive, and on November 8, 1999, promoted her to the position of senior account executive. The only evidence of Defendant's hire is an "Agreement" executed by and between Defendant and OCH, which is noted as the Employer.

When she was hired on or about August 27, 1998, Defendant executed that Agreement in connection with and as a condition of her employment. It included post-employment obligations. Throughout her employment, she worked out of OCH's Stamford, Connecticut office, and serviced territories in the state of Connecticut and in Westchester and Dutchess counties in the state of New York (the "Territory").

---

1. Plaintiff refers to Oakwood Corporate Housing, Inc. as "OCH." Oakwood Corporate Housing is allegedly the trade name (d/b/a) for both R & B and Oakwood Corporate Housing, Inc. ("OCHI").

With the exception of approximately six months during 2002–2003, Defendant was the only account executive to work in the Territory from August, 1998 through April 7, 2004.

During her tenure with OCH, Defendant was responsible to sell OCH's services and products in the Territory, and she contacted and worked with OCH's existing and prospective customers within the Territory. She had direct contact and built business-relations with customer decision-makers in the Territory. Plaintiffs allege that the majority of Defendant's sales were to customers in Fairfield County, Connecticut and Westchester County, New York.

Defendant took a paid vacation between April 1, 2004 through April 6, 2004. On April 6, 2004, she advised her Regional Manager that she was considering leaving OCH to accept a position with Korman Communities ("Korman") as Director of Sales for its newly opened White Plains, New York property. The next day, she resigned her position with Plaintiff and accepted a position with Korman on or before April 7, 2004.

Like OCH, Korman provides fully furnished short- and long-term residential housing to various business and relocation clients. In the Territory, OCH and Korman compete for the same customers and offer similar services and products. Plaintiffs allege that Defendant is performing identical services to Korman as she did when employed by OCH, including servicing and soliciting the same present and prospective customers.

On May 7, 2004, Plaintiff filed this breach of contract action, alleging that Defendant breached the Agreement by (1) accepting employment with Korman within one year following her termination with Plaintiff and (2) accepting employment with a business that solicits present and prospective customers of Plaintiff. On June 1, 2004, Plaintiff filed a Motion to Amend its complaint [Doc. No. 28], which was granted on June 3, 2004 [Doc. No. 32]. Plaintiffs seek preliminary and permanent injunctive relief to enforce the terms of the Agreement.

Defendant moves to dismiss or to transfer venue, and to stay this action pending resolution of its motions.

## II. Motion to Dismiss

Defendant moves to dismiss pursuant to FED. R. CIV. P. 12(b)(1) on the basis that (1) Plaintiff R & B Realty is barred from filing this action in this Court because it has not registered with the Connecticut Secretary of State and (2) both R & B and OCHI lack standing because neither is a party to the Agreement.

### A. Standard–12(b)(1)

A plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). *see also Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir.1998) ("the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction"). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." *Raila v. United States*, 355 F.3d 118, 119 (2d Cir.2004). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Id.* In resolving a motion to dismiss under Rule 12(b)(1), a court may consider evidence outside the pleadings, including affidavits submitted by the parties, and is not limited to the face of the complaint. *Robinson v. Government of*

*Malaysia,* 269 F.3d 133, 141 (2d Cir.2001). "Consideration of materials outside the complaint on a motion to dismiss pursuant to Rule 12(b)(1) does not convert the motion into one for summary judgment." *Hicks v. Brophy,* 839 F.Supp. 948, 950 (D.Conn.1993).

### B. Discussion

Defendant contends that Plaintiff R & B is barred from bringing suit in this Court because it has not registered with the Connecticut Secretary of State, and that neither Plaintiff has standing because they are not parties to the Agreement underlying this action.

### 1. CONN. GEN. STAT. § 34–38*l* (a)

Defendant contends that Plaintiff R & B is barred from using this court, pursuant to the Connecticut Uniform Limited Partnership Act, CONN. GEN. STAT. § 34–38*l* (a), because R & B has not registered with the Connecticut Secretary of State. Def. Mem. at 1.

 Section 34–38*l* (a) provides that "[a] foreign limited partnership transacting business in this state may not maintain any action, suit or proceeding in any court of this state until it has registered in this state." A plaintiff barred from bringing suit in Connecticut state court pursuant to § 34–38*l* (a) is also barred from bringing suit in the Connecticut federal courts in a diversity action. *See Armor Bronze & Silver Co. v. Chittick,* 221 F.Supp. 505, 510 (D.Conn.1963) (interpreting foreign corporation registration statute to bar suit in federal court where it would be barred in state court); *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 222 (2d Cir.1963) ("a federal district court will not assert jurisdiction over a foreign corporation in an ordinary diversity case unless that would be done by the state court under constitutionally valid state legislation in the state where the court sits"). A foreign corporation or limited partnership not transacting business in the state may bring a lawsuit without offending § 34–38*l* (a). *See Peters Prod. v. Dawson,* 182 Conn. 526, 529, 438 A.2d 747 (1980).

 Plaintiff OCHI has been registered to do business with the Connecticut Secretary of State since April 8, 1996; Plaintiff R & B Realty is not so registered. Plaintiffs bear the burden to prove by a preponderance of evidence that the Court has jurisdiction. The conclusory allegation that R & B and OCHI both "do[ ] business as Oakwood Corporate Housing" does not suffice to meet the burden. Plaintiffs cite no legal authority to support their argument that because OCHI and R & B both do business as OCH, R & B is exempt from the obligation to register with the Connecticut Secretary of State.[2]

---

**2.** The affidavit of Christine Brenk (the "Brenk Affidavit") [Doc. No. 29] does little to clarify the legal effect of the relationship of the entities. Brenk asserts that

R & B does business as 'Oakwood Worldwide' and also does business as 'Oakwood Corporate Housing.' Oakwood Corporate Housing, Inc. is an affiliate of R & B. [OCHI] is incorporated in California and from April 8, 1996 to present, [OCHI] has been registered to do business in Connecticut. [OCHI] also does business as Oakwood Corporate Housing.

Brenk Aff. ¶ 2 [Doc. No. 29]. Even assuming that Brenk's allegations are true and that R & B's activities in Connecticut have been "conducted through [OCHI], Pl. Opp. at 3 n. 2", an assertion not alleged in the Amended Complaint, Plaintiffs do not analyze the legal implications of "doing business as" or being an affiliate or conducting business through, in terms of the registration statute and of the fact that OCHI and R & B are not parties to the contract. Consequently, Plaintiffs do not meet their burden to demonstrate by a preponderance of evidence that jurisdiction is proper in this Court.

R & B's argument that it need not register because it does not transact business in the state is contrary to the allegations that it does business as OCH, which employed Defendant to work in its Stamford, Connecticut office and worked selling OCH's services and products in Connecticut and New York. R & B identifies itself as a separate entity from OCHI, yet implies that because both "do business as" OCH, the three entities should be accorded the same status. Plaintiffs' Amended Complaint alleges that both R & B and OCHI do business as OCH, and throughout the complaint refers to them collectively as "Oakwood Corporate Housing." Plaintiffs nonetheless argue that "R & B does not own any property in Connecticut and does not transact business in Connecticut" but instead, "through a contractual arrangement between R & B and [OCHI]," merely "employs account executives ... who then perform services on behalf of [OCHI]." Pl. Opp. at 4–5. Plaintiffs admit that OCHI transacts business in the state, Pl. Opp. at 5, but do not cite legal authority to support their claim that R & B's activities in Connecticut (in its own name or under any assumed name) do not constitute transacting business under the statute. Even assuming that all of Plaintiffs' allegations are true, they cite no legal authority to support their position that R & B need not register with the Secretary of State and/or that R & B does not "transact business" within the meaning of the statute. Accordingly, because it has not registered R & B is barred from bringing its action in this Court and its action is dismissed.

### 2. Standing

Defendant argues that Plaintiffs do not have standing because they are not parties to the contract, are not Defendant's employer, and did not file a trade name certificate pursuant to CONN. GEN. STAT. § 35–1(a).

When she was hired in August, 1998, Defendant executed an agreement that included post-employment obligations. The Agreement was between Defendant and OCH. The Plaintiffs in this action were, originally R & B without reference to OCHI. By a shift in gears the Amended Complaint portrays a joint d/b/a on the part of R & B and OCHI through OCH.

"[A] plaintiff generally must assert his [or her] own legal rights and interests, and cannot rest his [or her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Plaintiffs contend that because "R & B does business as 'Oakwood Corporate Housing' the Agreement is in fact between R & B and [Defendant]." Beyond the conclusory assertions that OCHI and R & B "do business as" OCH and therefore apparently should be treated as the same entity, Plaintiffs cite no legal authority to support their assertion that R & B and OCHI, as non-parties to the Agreement, have standing to enforce the Agreement between Defendant and OCH.[3] Assuming *arguendo* that R & B and/or OCHI functioned as Defendant's employer, Plaintiffs cite no legal authority to support their proposition that they have standing to enforce a contract signed by OCH and without reference to R & B or OCHI. The mere relation of entities is not shown to confer standing upon all. *See e.g. Diesel Sys. v. Yip Shing Diesel Eng'g Co.,* 861 F.Supp. 179, 181 (E.D.N.Y.1994) ("A cor-

---

**3.** Although Plaintiffs argue that "R & B does business as 'Oakwood Corporate Housing' and the Agreement therefore is in fact between R & B and [Defendant]," they cite no legal authority to support their proposition that consequently "R & B has standing to seek enforcement of the Agreement." Pl. Opp. at 7.

poration does not have standing to assert claims belonging to a related corporation, simply because their business is intertwined"). Because R & B and OCHI are not parties to the Agreement, and because Plaintiffs cite no legal authority to the contrary, they do not have standing to enforce a contract signed by Defendant and OCH.

Plaintiffs have not met their burden to demonstrate by a preponderance of evidence that jurisdiction lies in this Court. Construing Plaintiffs' complaint and allegations pursuant to Fed. R. Civ. P 12(b)(1) in the light most favorable to Plaintiffs does not relieve them of their responsibility to support their arguments with legal authority. Although Plaintiffs allege facts about the relationship between OCH, OCHI, and R & B, they do not cite authority or analyze the legal implications of the entities' relationships in terms of the issues raised in Defendant's motion to dismiss.

### III. Conclusion

As discussed herein, Defendant's motion to dismiss [Doc. No. 13] is granted, and Plaintiffs' motion for preliminary injunction [Doc. No. 6], Defendant's motion to change venue [Doc. No. 13], Defendant's motion to stay [Doc. No. 13], and Defendant's motion to continue [Doc. No. 40], Korman's motion to quash and motion for attorney's fees [Doc. No. 46], Defendant's motion to expedite [Doc. No. 48], Plaintiffs' motion to compel [Doc. No. 49], and Plaintiffs' motion for protective order [Doc. No. 54] are denied as moot. Plaintiffs are granted leave to file an amended complaint on or before July 15, 2004. Any such complaint should clearly delineate the relationship between Plaintiffs' corporate entities, and ensuing motions shall cite appro-

priate legal authority to support whatever claims the parties raise.

SO ORDERED.