**Annie B. BEDDEN–HURLEY, Plaintiff,**

v.

**NEW YORK CITY BOARD OF EDUCATION, Defendant.**

**No. 03 Civ. 1507(RCC).**

United States District Court, S.D. New York.

Jan. 11, 2005.

Annie B. Bedden–Hurley, Mount Vernon, NY, Pro se.

Danielle Marie Dandrige, Hoey, King, Toker & Epstein, New York City, for Plaintiff.

Blanche Jayne Greenfield, New York City, Joshua Robert Fay, New York City Law Department Office of the Corporation Counsel, New York City, for Defendant.

### MEMORANDUM & ORDER

CASEY, District Judge.

Dr. Annie B. Bedden–Hurley ("Plaintiff") brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967,

29 U.S.C. §§ 621–634 ("ADEA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), state tort law, and 42 U.S.C. § 1981, alleging employment discrimination, retaliation, defamation, and harassment by her employer, the New York City Board of Education ("Defendant"), based on Plaintiff's race (black), gender (female), national origin (United States citizen by birth), color (black), age (approximately 63 years at the time the amended complaint was filed), and religion (Protestant). For the following reasons, Defendant's motion to dismiss Plaintiff's complaint is **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND

Plaintiff's amended complaint alleges that Defendant discriminated and retaliated against Plaintiff between 1997 and 2003 by refusing to incorporate Plaintiff's suggestions into Defendant's special-education curriculum, failing to complete paperwork for Plaintiff in a timely fashion, allowing an Assistant Principal to observe Plaintiff through a glass classroom window ("a form of intimidation and harassment"), giving Plaintiff unsatisfactory ratings in employment evaluations on five occasions in 1997 and 1998 (and contemplating giving her a negative rating, but deciding against it, on a sixth occasion in 2002), denying Plaintiff a promotion to an administrative position in 2002 because of her race and unsatisfactory ratings, forcing Plaintiff to cover general-education classes in 2002 and 2003, populating Plaintiff's classroom with students with chronic behavior problems in 2003 ("as a punitive measure"), and exercising "disparate treatment to belittle and humiliate" Plaintiff (e.g., an Assistant Principal offered donuts to Plaintiff's office mate but not to Plaintiff on March 28, 2003). Plaintiff requests that the Court order Defendant to purge the five "unjust unsatisfactory ratings" from Plaintiff's employment records and offer her an administrative position.

In a Report and Recommendation dated September 15, 2004 ("Report"), Magistrate Judge Douglas F. Eaton recommended that Plaintiff's amended complaint be dismissed with prejudice on the grounds that (1) Plaintiff's Title VII, ADEA, and NYSHRL claims, and any § 1981 claims alleging discrimination or retaliation occurring before March 4, 2000, are time-barred; (2) the Court lacks subject matter jurisdiction over Plaintiff's Title VII claims because they were not included in her initial Equal Employment Opportunity Commission ("EEOC") charge; (3) Plaintiff has failed to meet conditions precedent to sue Defendant under state defamation law; and (4) Plaintiff has failed to plead facts sufficient to state a cause of action for discrimination or retaliation. The Court received objections to the Report from Plaintiff on October 5, 2004 and October 21, 2004.

## II. DISCUSSION

### A. Standard of Review

The Court reviews the issues raised by Plaintiff's objections de novo in accordance with Federal Rule of Civil Procedure 72(b) and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C). The Court reviews those parts of the Report to which Plaintiff does not object for plain error. *See Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991). In ruling on this motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, the Court accepts the material facts alleged in the complaint as true and construes all reasonable inferences in Plaintiff's favor, dismissing Plaintiff's claims only to the extent that it appears beyond doubt that Plaintiff can prove no set of facts that would entitle her to relief. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152

L.Ed.2d 1 (2002); *Raila v. United States,* 355 F.3d 118, 119 (2d Cir.2004); *see also Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994) ("This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*").

**B. Those Parts of the Report to Which Plaintiff Does Not Object That Are Accepted**

 Reading Plaintiff's submissions liberally in her favor, Plaintiff does not argue that her claims are timely, that the Court possesses subject matter jurisdiction over her Title VII claims, or that she has complied with state-law requirements to bring a tort action against Defendant. Having reviewed the record and those portions of the Report recommending dismissal of the amended complaint on the grounds that certain of Plaintiff's claims are not within the Court's subject matter jurisdiction, time-barred, or precluded under state law, the Court is satisfied that there is no clear error on the face of those portions of the Report recommending dismissal of Plaintiff's Title VII, ADEA, NYSHRL, and state-law tort claims. The Court accepts and adopts those portions in their entirety. The Court lacks jurisdiction to hear Plaintiff's Title VII claim because Plaintiff failed to allege discrimination based on race, gender, national origin, color, or religion in her EEOC charge; Plaintiff alleged only age discrimination in violation of the ADEA. *See Butts v. City of New York Dep't of Housing Pres. & Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993) ("A district court only has jurisdiction to hear Title VII claims that are either included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge."). Plaintiff's ADEA claim is time-barred for failure to bring suit within 90 days of receiving the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1);

*Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525 (2d Cir.1996) ("[T]o be timely, a claim under ... the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter."). Plaintiff's NYSHRL claims are time-barred because Plaintiff never filed a complaint with the New York State Division of Human Rights ("SDHR"). *See* N.Y. Exec. Law § 297(5) ("Any complaint filed pursuant to [the NYSHRL] must be so filed [with the SDHR] within one year after the alleged unlawful discriminatory practice."). Plaintiff's supplemental state-law claims (e.g., defamation) are dismissed because Plaintiff failed to file a notice of claim with Defendant. *See* N.Y. Educ. Law § 3813(2) ("[N]o action ... founded upon tort shall be maintained against [the board of education] ... unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law."); *see also Parochial Bus Systems, Inc. v. Bd. of Educ. of City of New York,* 60 N.Y.2d 539, 547, 470 N.Y.S.2d 564, 458 N.E.2d 1241 (1983) (noting that satisfaction of the notice-of-claim requirements of section 3813(2) "is a condition precedent to bringing an action against ... a board of education").

**C. Those Parts of the Report to Which Plaintiff Does Not Object That Are Not Accepted**

 Judge Eaton recommended that Plaintiff's § 1981 claims alleging discrimination or retaliation occurring before March 4, 2000 be dismissed as time-barred on the ground that only § 1981 claims occurring within three years of the filing are timely in this Court. (See Report at 7.) Plaintiff's original complaint was filed on March 4, 2003. Although § 1981 contains no statute of limitations of its own, federal courts—before the Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004)—traditionally

applied the forum state's statute of limitations for personal injury actions when deciding any § 1981 claim; in New York, that statute of limitations is three years from the date the cause of action arose, a limit that courts in this circuit consistently applied to § 1981 actions. *See Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir.2004); *King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir.2002).

The Supreme Court has held, however, that employment discrimination claims arising under the Civil Rights Act of 1991's amendment to § 1981 are subject to the four-year federal "catch-all" statute of limitations established in 28 U.S.C. § 1658(a), rather than to the analogous state statute. *R.R. Donnelley*, 124 S.Ct. at 1846. In *R.R. Donnelley*, the Court considered the § 1981 claim of petitioners who alleged that they were subjected to a racially hostile work environment and found that their claim fell within § 1981(b), which was enacted as part of the 1991 amendment to § 1981. *Id.* at 1839.[1] At least two courts in this circuit have applied the four-year period to pending § 1981 cases arising under § 1981(b). *See Thomas v. New York City Health & Hosps. Corp.* No. 02 Civ. 5159(RJH), 2004 WL 1962074, at *7 (S.D.N.Y. Sept. 2, 2004) (noting that "allegedly discriminatory adverse employment actions of all scope . . . [are] subject to the four-year statute prescribed in *R.R.*

*Donnelley*"); *Nichols v. Brookdale Univ. Hosp. Med. Ctr.*, No. 03–6233, 2004 WL 1533831, at *3 (E.D.N.Y. July 9, 2004).

Plaintiff's § 1981 claims allege discrimination and retaliation that arose after her employment relationship with Defendant was formed. Accordingly, these claims arise under 42 U.S.C. § 1981(b) and are therefore subject to the four-year statute of limitations of 28 U.S.C. § 1658. Plaintiff's § 1981 claims alleging discrimination or retaliation occurring before March 4, 1999 (including those based on 1997 and 1998 negative employment evaluations) are dismissed as time-barred. Plaintiff's claims under § 1981 alleging race-based employment discrimination and retaliation occurring after March 4, 1999, however, were timely filed.

## D. Those Parts of the Report to Which Plaintiff Does Object That are Not Adopted

At best, Plaintiff's submissions argue that she has pleaded facts sufficient to state a cause of action for discrimination and retaliation under § 1981, contrary to Judge Eaton's recommendation that her § 1981 claims be dismissed with prejudice for failure to so plead. Plaintiff objects that she has been "crucified because . . . of maliciousness, vindictiveness coupled with racial bias and because [she is] a woman of color." (Objections, Oct. 21, 2004, at 7.)[2]

---

1. Section 1981(a) states that all persons have the same right "to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981(b) defines the term "make and enforce contracts" to include the "performance . . . and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

2. Plaintiff further objects to Judge Eaton's finding that it was "reasonable for the [Defendant] not to promote [Plaintiff] given her five unsatisfactory ratings" (Report at 12), arguing that "the unsatisfactory ratings that [she]

received was a collective conspiracy to discredit [her] as an experienced pedagogue . . . [and] were maliciously and vindictively given to prevent [her] from becoming an effective educator/ administrator that [she is] . . . [and] as a means of pressing [her] down emotionally psychologically and socially." (Objections, Oct. 5, 2004, at 4–6; *see also* Objections, Oct. 21, 2004, at 1) ("The unjust and unsatisfactory ratings were given maliciously and vindictively."); *id.* at 3 ("The malicious and vindictive maligning of my teaching skills are being used as a means to completely destroy my academic credibility.").

■ Judge Eaton recommended dismissal of Plaintiff's § 1981 discrimination and retaliation causes of action on the ground that she failed to allege a prima facie case of discrimination under the framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). (*See* Report at 8–12 (citing *Taitt v. Chem. Bank,* 849 F.2d 775, 777 (2d Cir.1988) for the premise that the *McDonnell Douglas* framework may be used to analyze § 1981 claims).) The *McDonnell Douglas* framework sets forth four requirements to establish a prima facie case of discrimination: (1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances supporting an inference of discrimination. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. Specifically, Judge Eaton recommended that Plaintiff's claims be dismissed for failure to allege that she suffered an adverse employment action under circumstances supporting an inference of discrimination. (*See* Report at 8–12.)

■ The Supreme Court has held, however, that a plaintiff raising a claim for employment discrimination under § 1981 need not plead specific facts sufficient to establish a prima facie case of discrimination under the *McDonnell Douglas* framework to survive a motion to dismiss. *Swierkiewicz,* 534 U.S. at 508, 122 S.Ct. 992; *see also id.* at 509, 122 S.Ct. 992 (noting that the *McDonnell Douglas* prima facie case is an evidentiary standard, not a pleading requirement); *id.* at 519, 122 S.Ct. 992 ("[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination ... to survive [a] motion to dismiss."). Instead, "the ordinary rules for assessing the sufficiency of a complaint apply" and a plaintiff must merely provide "a short and plain statement of the claim showing that the pleader is entitled to relief" to survive a motion to

dismiss. *Id.* at 511–12, 122 S.Ct. 992 (quoting Fed.R.Civ.P. 8(a)(2)); *see also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one."). A complaint is sufficient if it gives "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (internal quotation omitted).

■ Plaintiff's amended complaint, accepted as true, gives notice to Defendant of her claims that she was denied a promotion, experienced disparate treatment, and was retaliated against in a hostile work environment, all based on her race, in violation of § 1981. *See Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 68–69 (2d Cir.2000) ("Section 1981 provides a cause of action for race based discrimination based on a hostile work environment."); *Hawkins v. 1115 Legal Service Care,* 163 F.3d 684, 693 (2d Cir.1998) (noting that claims alleging retaliation for asserting rights protected by § 1981 are cognizable under § 1981). Although a showing of an "adverse employment action" would be required to survive a motion for summary judgment under *McDonnell Douglas,* the issue on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support its claims," *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. Plaintiff has made a short and plain statement of her claim that she experienced race-based discrimination and retaliation, thereby meeting the liberal pleading standard set out in *Swierkiewicz.* The Court therefore does not adopt those portions of the Report recommending dismissal of Plaintiff's discrimination and retaliation causes of action for failure to plead sufficient facts in support thereof.

Defendant's motion to dismiss is denied with respect to Plaintiff's cause of action under 42 U.S.C. § 1981 for race-based discrimination and retaliation occurring after March 4, 1999.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **DENIED** with respect to Plaintiff's § 1981 claims of race-based discrimination and retaliation occurring after March 4, 1999, and **GRANTED** with respect to Plaintiff's other claims.

**So Ordered.**