**Richard E. WILLIAMS,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America and Harry Johnson, in his official capacity,**
**Defendants–Appellees.**

**No. 05–5411–cv.**

United States Court of Appeals,
Second Circuit.

June 1, 2006.

**126**

James Maxwell, Esq., Brattleboro, VT, for Appellant.

Carol L. Shea, Assistant United States Attorney (David V. Kirby, United States Attorney for the District of Vermont, of counsel), Burlington, VT, for Appellees.

Present: ROGER J. MINER and RICHARD C. WESLEY, Circuit Judges, and LAURA TAYLOR SWAIN, District Judge.[1]

## SUMMARY ORDER

Plaintiff-appellant, Richard E. Williams, appeals from the August 10, 2005 judgment of the United States District Court for the District of Vermont (Murtha, J.), adopting the Report and Recommendation of Magistrate Judge Jerome J. Niedermeier and dismissing Williams's claims for lack of subject matter jurisdiction. *See*

FED.R.CIV.P. 12(b)(1). Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

### I

Williams filed suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), claiming that the United States is secondarily liable for his injuries because defendant-appellee Harry Johnson, who was a sergeant in the United States Army at the time of the accident, was acting within the scope of his employment when he struck Williams with his car while driving under the influence of alcohol. Williams also claims that the United States is primarily liable under the FTCA because the Army was negligent in its supervision of Johnson. The district court found, however, that Johnson was not acting in the scope of his employment under Vermont law and that the Army had no duty to control Johnson's off-duty conduct. *See Williams v. United States,* No. 1:03–CV–291, 2005 WL 1862120, at *5, 7 (D.Vt. July 19, 2005) (citing *Brueckner v. Norwich University,* 169 Vt. 118, 123, 730 A.2d 1086 (1999)). Consequently, the district court dismissed Williams's claims pursuant to Federal Rule of Civil Procedure 12(b)(1), noting that the limited waiver of sovereign immunity did not extend to claims where a private person would not be liable under state law.

### II

"[T]he United States may not be sued without its consent and [consequently] the existence of consent is a prerequisite for jurisdiction." *Adeleke v. United States,* 355 F.3d 144, 150 (2d Cir.2004) (quoting *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)).

---

1. The Honorable Laura Taylor Swain of the United States District Court for the Southern District of New York, sitting by designation.

The FTCA confers jurisdiction upon the courts to hear claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Here, the district court correctly chose Vermont law as the *lex loci delicti.*

Where the district court has dismissed a claim pursuant to Rule 12(b)(1), we review *de novo* the district court's legal determinations, and we review the district court's factual determinations for clear error. *See Scherer v. Equitable Life Assurance Soc. of the U.S.,* 347 F.3d 394, 397 (2d Cir.2003). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Raila v. United States,* 355 F.3d 118, 119 (2d Cir.2004).

## III

At the time of the accident, Johnson was a recruiter in the United States Army. He was attending an Army recruiter training conference at Mount Snow, a resort in West Dover, Vermont. The Army mandated his attendance at the weekend gathering, and the Army also required him to drive his government owned vehicle ("GOV") to and from the resort. After the mandatory activities for the day were over, Johnson retired to the lodging of a friend and commenced drinking. Johnson later attempted to drive his GOV back to his own lodging. On the way back to his room, he got lost, pulled his car to the side of the road, and went to sleep. He was awakened by Williams who was working a night security shift at Mount Snow. Williams asked Johnson to pull his car further off the road, and in attempting to do so, Johnson hit Williams with his car, causing injury.

## A

As to the vicarious liability claim, the district court found that, under the Vermont law of *respondeat superior,* Johnson was not acting within the scope of employment because his conduct "cannot be said to have been actuated by a purpose to serve his employer," and because the tortious act was not in "the same general nature as, or incidental to, the authorized conduct [of his office]." *Brueckner,* 169 Vt. at 123, 730 A.2d 1086; *see Williams,* 2005 WL 1862120, at *5. We agree.

Vermont law adheres to the rather narrow view of master liability contained in § 228 of the *Restatement (Second) of Agency, see Brueckner,* 169 Vt. at 123, 730 A.2d 1086, which requires that the tortious act be "qualitatively similar" to the duties the employee is charged to perform. *Id.* at 124, 730 A.2d 1086. Without question, Johnson's actions were qualitatively unrelated to his official duties, and the United States cannot be held vicariously liable for the frolic of its employee. *See Taber v. Maine,* 67 F.3d 1029, 1050 (2d Cir.1995) (citing W. Page Keeton, Dan B. Dobbs, Robert E. Keeton & David G. Owen, *Prosser and Keeton on Torts,* § 70 at 503–05 (5th ed.1984)). Thus, the district court correctly found that there was no jurisdiction to entertain the claim.

## B

As to the negligent supervision claim, the district court found that the Army had no duty under Vermont to supervise and control the actions of an off-duty soldier. *See Williams,* 2005 WL 1862120, at *7. We agree with this conclusion as well.

The district court correctly noted that Vermont law embraces the general rule

that there is "no general duty to control the actions of another in order to protect a third person from harm." *See Williams,* 2005 WL 1862120, at *6 (citing *Bradley v. H.A. Manosh Corp.,* 157 Vt. 477, 480, 601 A.2d 978 (1991)). Vermont does recognize two narrow exceptions to this rule, *see Poplaski v. Lamphere,* 152 Vt. 251, 257–58, 565 A.2d 1326; however, the district court correctly noted that neither exception obtains on these facts. Thus, because the Army was under no duty to supervise under Vermont law, the court correctly held that the court lacked jurisdiction to hear this claim.

## IV

15 For reasons stated by the district court, we AFFIRM the dismissal of Williams's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.