# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2288

_____

|  |  |  |
|---|---|---|
| Donald Jackson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Homechoice, Inc., doing | * | |
| business as Rentway of | * | [PUBLISHED] |
| Pine Bluff, Arkansas; Rent-Way, | * | |
| Inc. | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  April 30, 2004

Filed:  May 21, 2004
_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

In this employment discrimination suit, Donald Jackson, an African-American, appeals from the district court's adverse grant of summary judgment to Homechoice, Inc. d/b/a Rent-Way (Rent-Way). We affirm in part and reverse in part.

Jackson filed his complaint on September 24, 2001, claiming discrimination (including his March 1999 discharge) based on race and in retaliation for filing a

charge of discrimination with the Equal Employment Opportunity Commission (EEOC), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII), and 42 U.S.C. § 1981.

The district court granted Rent-Way's motion for summary judgment. As to Jackson's Title VII claims, the court held that Jackson had not proven that his EEOC charge was timely filed, and that no EEOC misconduct justified equitably tolling the limitations period. The court also held that Jackson's section 1981 claims were untimely under the statute of limitations found in the Arkansas Civil Rights Act (ACRA). Ark. Code Ann. § 16-123-107(c)(3) (Supp. 2003) (employment action shall be brought within one year after alleged employment discrimination occurred).

This court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to Jackson. See Shempert v. Harwick Chem. Corp., 151 F.3d 793, 795 (8th Cir. 1998). The district court did not err by granting summary judgment on Jackson's Title VII claims. Although Jackson attested that he mailed a charge of discrimination to the EEOC in September 1998, the undisputed evidence showed that the EEOC did not receive the charge until June 2001. See 42 U.S.C. § 2000e-5(e)(1) (requiring that Title VII claims be filed with EEOC within 180 days after alleged unlawful employment practice); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) (summary judgment may be granted if evidence is merely colorable or not significantly probative; mere existence of scintilla of evidence in support of non-movant's position will be insufficient to avoid summary judgment).

Jackson also did not show that the 180-day deadline for filing the charge should be equitably tolled. See Shempert, 151 F.3d at 797 (requirement of filing timely charge with EEOC is subject to waiver, estoppel, and equitable tolling; equitable tolling is premised on excusable neglect of filing party). Jackson's evidence--that he made numerous calls to the EEOC and was always told his file was

unavailable and the EEOC would get back to him--did not show misconduct by the EEOC that warrants equitable tolling. Cf. Lawrence v. Cooper Communities, Inc., 132 F.3d 447, 451-52 (8th Cir. 1998) (failure to file timely charge was excusable neglect where EEOC mistakenly told plaintiff his unverified charge information form was valid charge, and EEOC did not complete formal, verified charge until after 180-day deadline; failure to file timely charge arose from EEOC's misconduct which was circumstance beyond plaintiff's control); Jennings v. American Postal Workers Union, 672 F.2d 712, 715 (8th Cir. 1982) (plaintiff alleged EEOC told her it lacked jurisdiction over her claim; EEOC did have jurisdiction and court of appeals remanded to district court for determination of when she attempted to file charge; "uncounseled plaintiff should not be penalized for the EEOC's mistakes of law"). Moreover, Jackson did not explain how the EEOC's response to his ineffective phone calls caused him to wait some 27 months after his March 1999 termination before he demanded a right-to-sue notification. See Shempert, 151 F.3d at 798 (equitable tolling not justified because at no point were circumstances out of plaintiff's control; EEOC did not mishandle plaintiff's claim or otherwise mislead her into inaction); cf. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (per curiam) (individual who fails to act diligently cannot invoke equitable principles to excuse lack of diligence).

We conclude, however, that Jackson's section 1981 claims should not have been dismissed based on ACRA's one-year statute of limitations. After the district court's decision, the Supreme Court held in Jones v. R.R. Donnelley & Sons Co., 124 S. Ct. 1836 (2004), that the four-year statute of limitations set forth in 28 U.S.C. § 1658 applies to any claim that was made possible by an Act of Congress enacted after December 1, 1990. Thus, any claim created by the Civil Rights Act of 1991, which expanded the scope of section 1981, is governed by a four-year limitations period.

Jackson's claims that he was discriminated against and discharged from employment because of his race, and that he was harassed and terminated in retaliation for filing a charge of discrimination with the EEOC, were not cognizable under section 1981 prior to 1991. As originally enacted, the statute did not protect against harassing conduct that occurred after the formation of a contract. See Patterson v. McLean Credit Union, 491 U.S. 164, 176-78 (1989). Claims alleging wrongful discharge or hostile work environment did not state violations of the original version of section 1981. Jones, 124 S. Ct. at 1840. The 1991 Act, however, expanded the statute to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). It is this post-1990 version of section 1981 that Jackson invokes as the basis for his claims under section 1981. Accordingly, in light of the Supreme Court's decision in Jones, the applicable statute of limitation is four years, and the claims should not have been dismissed based on the one-year statute of limitations in ACRA.

For the foregoing reasons, we affirm the grant of summary judgment with respect to Jackson's Title VII claims, but remand to the district court for further proceedings on claims brought under section 1981 that arise within the four-year limitations period. We deny Rent-Way's pending motion.

_____