Steven FRANKLIN, Plaintiff–
Appellant,

v.

The CITY OF NEW YORK and Frank
Dimaggio, Captain, Defendants–
Appellees.

No. 03–7769.

United States Court of Appeals,
Second Circuit.

May 25, 2004.

K.C. Okoli, New York, NY, for Appellant.

Susan Choi–Hausman (Pamela Seider Dolgow, Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief), New York, NY, for Appellees, of counsel.

Present: WINTER, STRAUB, and LAY,* Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff–Appellant Steven Franklin appeals from a judgment entered July 7, 2003 in the United States District Court for the Southern District of New York (Denise Cote, *Judge*), granting defendants' motion for summary judgment and dismissing Franklin's complaint. Franklin alleged three causes of action against the defendants that are relevant to this appeal including: (i) a hostile work environment claim arising under 42 U.S.C. § 1981; (ii)

---

* The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

a constructive discharge claim also arising under 42 U.S.C. § 1981; and (iii) a racial discrimination claim arising under Section 296 of the New York Executive Law.[1] We conclude, for substantially the reasons stated by the District Court in its June 25, 2003 Opinion and Order, *see Franklin v. City of New York*, No. 01 Civ. 10574, 2003 WL 21511932 (S.D.N.Y. July 1, 2003), that the District Court properly granted summary judgment to the defendants.

With respect to Defendant Frank DiMaggio, the District Court held that all of Franklin's claims were time-barred because the relevant federal and state statutes are governed by a three-year statute of limitations, and Franklin did not identify a single action by DiMaggio that occurred within the applicable time period. Franklin has not challenged this determination on this appeal.

The District Court dismissed Franklin's § 1981 claims against the City because Franklin failed to produce evidence that his rights were violated pursuant to an official policy, custom or practice of the municipality that was in place during the period of the statute of limitations, as required by *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Franklin attempted to show such a custom or practice by arguing that three white officers were treated more favorably by the City than he was because they were given desk jobs during their terms of disciplinary probation. The District Court rejected this claim, and the meager evidence proffered by Franklin in support of it, on a number of grounds.[2] The court found, *inter alia*, that much of the evidence put forth by Franklin was either "inadmissible hearsay" or "too vague to have any probative value." The District Court also rejected Franklin's attempt to introduce a new claim—that the procedure used to dismiss him did not comply with the City's administrative regulations—at the summary judgment stage of the case.

Finally, Franklin's state law discrimination claim was also dismissed. The District Court found that Franklin had "not argued, much less offered persuasive evidence" that the City, or more specifically, the police department, had "encouraged, condoned or approved discriminatory or hostile conduct [against Franklin] on account of his race," as required under *State Division of Human Rights ex rel Greene v. St. Elizabeth's Hospital*, 66 N.Y.2d 684, 687, 496 N.Y.S.2d 411, 487 N.E.2d 268 (1985).

We have reviewed all of Franklin's other claims on this appeal and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.

---

1. The fourth cause of action in Franklin's complaint alleged gender discrimination under Section 296 of the New York Executive Law. The District Court found that Franklin had "essentially abandoned this claim in his opposition to the motion for summary judgment," and Franklin does not pursue that claim on this appeal. Franklin withdrew his fifth cause of action, a claim for intentional infliction of emotional distress, before the District Court issued its decision.

2. Among other findings, the District Court concluded that "[n]one of the three officers was assigned to [Police Service Area ('PSA')] 8 while plaintiff was assigned there." Franklin argues persuasively on appeal that this finding may have been in error. Even if we were to find that Franklin produced sufficient evidence to show that he and the other three officers were assigned to PSA 8 at the same time, we do not believe that fact alone would or should have meaningfully altered the District Court's (or our) view of this case.