# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3353

_____

Vivian I. Wolfe-Holmes,         *
                                     *
        Appellant,         *
                                     *   Appeal from the United States
    v.                   *   District Court for the
                                     *   Eastern District of Arkansas.
Arkansas State Hospital; Arkansas   *
Department of Human Services,    *      [UNPUBLISHED]
                                     *
        Appellees.         *

_____

Submitted: September 6, 2005
Filed: September 12, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Vivian Wolfe-Holmes appeals the district court's[1] adverse judgment in her employment-discrimination action. Following careful review, we agree with the district court that Wolfe-Holmes's Title VII claims are time-barred, and that her 42 U.S.C. § 1981 claims are foreclosed by Eleventh Amendment immunity, as well as the applicable statute of limitations. See Williams v. Thomson Corp., 383 F.3d 789, 790-91 (8th Cir. 2004) (per curiam) (Title VII claims are untimely unless filed within

_____

[1]The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota, sitting by designation in the Eastern District of Arkansas.

90 days of right-to-sue letter), cert. denied, 125 S. Ct. 1701 (2005); Jackson v. Homechoice, Inc., 368 F.3d 997, 999 (8th Cir. 2004) (per curiam) (limitation period for § 1981 claims is four years); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 618-19 (8th Cir. 1995) (in absence of consent, Eleventh Amendment immunity bars equal protection claim brought under § 1981 against state or one of its agencies); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 n.2 (8th Cir. 1983) (inapplicability of Arkansas savings clause).

We also find no abuse of discretion in the district court's decisions to deny Wolfe-Holmes leave to amend, and to decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c) (concerning supplemental jurisdiction); Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 1999) (leave-to-amend standard of review; futility of amendment is valid reason to deny motion to amend). Finally, Wolfe-Holmes's unsupported allegations of judicial bias, and her complaints about her attorney's performance in her prior action, are not grounds for reversal. See Tyler v. Purkett, 413 F.3d 696, 704-05 (8th Cir. 2005) (discussing test for disqualification or recusal); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam) (there is no constitutional or statutory right to effective assistance of counsel in civil cases).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____