**Elizabeth LUNA, Plaintiff,**

v.

**NORTH BABYLON TEACHER'S ORGANIZATION and Selina Durio, Defendants.**

**No. 13–cv–6308 (ADS)(WDW).**

United States District Court, E.D. New York.

Signed April 7, 2014.

Eric S. Tilton, P.L.L.C., by: Eric S. Tilton, Esq., of Counsel, Babylon, NY, for the Plaintiff.

New York State United Teachers, Office of General Counsel, Richard E. Casagrande, New York, NY, by: Steven A. Friedman, Esq., of Counsel, for the Defendants.

SPATT, District Judge.

On November 14, 2013, the Plaintiff Elizabeth Luna (the "Plaintiff") commenced this action, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and New York State Human Rights Law, New York Executive Law § 290 *et*

*seq.* ("NYSHRL") arising from the termination of her employment as Election Chair for the Defendant North Babylon Teachers Organization (the "Union"). Also named as a Defendant is the Union's President, Selina Durio ("Durio").

On February 6, 2014, the Union and Durio (collectively the "Defendants") moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons set forth, the motion is granted in part and denied in part.

## I. BACKGROUND

Unless stated otherwise, the following facts are drawn from the complaint and construed in a light most favorable to the Plaintiff.

The Plaintiff is employed as a teacher in the North Babylon School District. As such, the Plaintiff is a member of the Union, the recognized exclusive bargaining agent for more than 650 district employees.

Beginning in 2006, the Plaintiff served as an Election Representative for the Union.

Beginning in 2009, the Plaintiff served, in an unpaid capacity, as the District-wide Election Chairperson for the Union. The Plaintiff's duties as the Election Chair were to coordinate and carry out the Union's internal elections which were held in the spring of each year.

Also, beginning in 2009, the Plaintiff served as the Union's Political Action Chair, along with her husband, Kenneth Luna. This position was a paid position that offered the Plaintiff and her husband a stipend of $800 per year.

In December 2011, the Plaintiff's husband, also a member of the Union, informed Durio that the Plaintiff was pregnant and that her delivery date was approximately May 18, 2012.

On January 10, 2012, Durio allegedly emailed the Plaintiff and removed the Plaintiff from her position as the Election Chairperson for the upcoming Union election to be held on May 16, 2012. Specifically, she stated as follows: "Since you will be out for part of the Spring, I have chosen a new Election Chair for this year so that the election will be covered." (Compl. ¶ 15.)

After the Plaintiff emailed Durio, voicing an objection to her removal as the Election Chair, Durio sent a follow-up email to the Plaintiff that stated:

> When I had a discussion with your husband about another issue he mentioned the time you were due around, which coincides with when most of the things the election chair would need to do.
>
> Your email leads be to believe that you feel this is a personal issue and it is not[;] it is just an issue of timing and what I feel is best for the [Union].

(*Id.* ¶ 16.)

The Plaintiff alleges that Durio's emails reflected a "stereotypical assumption" that the Plaintiff would need to take time off from her work due to her pregnancy. In addition, the Plaintiff asserts that Durio failed to provide the Plaintiff and her husband with information critical to their jobs as the Co–Chairs of the Political Action Committee.

The Plaintiff insists that any need for her to take maternity leave from her employment with the school district would not have hindered her ability to serve as Election Chair or Co–Chair of the Political Action Committee for the Union.

At some point, the Plaintiff filed a Charge of Discrimination with the United

States Equal Employment Opportunity Commission ("EEOC").

On July 11, 2013, the EEOC issued a finding of probable cause with respect to the Plaintiff's Charge of Discrimination. On August 20, 2013, the EEOC mailed to the Plaintiff a Notice of Right to Sue with respect to the Charge of Discrimination.

As noted above, on November 14, 2013, the Plaintiff commenced this action, asserting gender discrimination on the basis that the "Defendants have discriminated against [her] in the terms, conditions, and privileges of her employment and her union membership in that she has been removed from the aforementioned positions within the Union in violation of Title VII of the Civil Rights Act of 1964 and New York State Human Rights Law." (*Id.* ¶ 25.) The Plaintiff brings her Title VII claims against the Union only, and in two different capacities, as an "employer" and a "labor organization." The Plaintiff seeks monetary damages and injunctive relief, including reinstatement to her positions within the Union.

On February 6, 2014, the Defendants moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. In particular, the Defendants submits documentary evidence tending to show that the Union is not an "employer" subject to Title VII. The Defendants also contend that the Plaintiff's Title VII claim against the Union as a "labor organization" fails as a matter of law because her allegations are centered upon her alleged status as an employee of the Union, not as a member of the Union.

## II. DISCUSSION

A. *The Standard for a Rule 12(b)(6) Motion*

 Under Fed.R.Civ.P. 12(b)(6), a party's complaint survives a motion to dis-

miss when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the factual allegations "raise a right to relief above the speculative level," a court should not dismiss a complaint for failure to state a claim. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 "does not require 'detailed factual allegations'[,] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). The court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168, 176 (2d Cir.2004) (quoting *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980)). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.,* 275 F.3d 191, 198 (2d Cir. 2001) (citation and quotation marks omitted).

 In deciding a Rule 12(b)(6) motion to dismiss, the court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the

non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008) (citation and internal quotation marks omitted); *see also Starr v. Sony BMG Music Entm't,* 592 F.3d 314, 321 (2d Cir.2010). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 337 (2d Cir.2006) (citation and internal quotation marks omitted).

■ To assess whether a complaint states a plausible claim for relief, the Supreme Court has suggested a "two-pronged approach." *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir.2010) (quoting *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937). First, a court should begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

■ Finally, when reviewing a motion to dismiss, "the court limits its considerations to: (1) the factual allegations in the complaint; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents that are 'integral' to the complaint." *Davis v. NYC Dep't of Educ.,* No. 10–CV–3812, 2012 WL 139255, at *3 (E.D.N.Y. Jan. 18, 2012); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002) (noting that "even where a document is not incorporated by reference, the court may nevertheless consider it where the com-plaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint").

**B.** *As to the Title VII Claim Against the Union as an "Employer"*

■ Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Thus, liability under Title VII does not extend to employers with fewer than fifteen employees. *See Arculeo v. On–Site Sales & Marketing, LLC,* 425 F.3d 193, 202–03 (2d Cir.2005) (affirming summary judgment for the defendants because the plaintiff failed to raise a question of material fact regarding whether the defendant employed fifteen persons); *see also Jacobson v. Int'l Tours and Events, LLC,* No. 3:09–cv–1050 (JCH), 2010 WL 5211488, at *2 (D.Conn. Dec. 10, 2010). "[A] Title VII defendant wishing to defeat a plaintiff's claim on the ground that it lacks fifteen employees is normally entitled to seek dismissal if the complaint shows on its face that the element of statutory coverage is lacking, or to seek summary judgment on that issue if undisputed facts can be presented to defeat coverage." *Da Silva v. Kinsho Int'l Corp.,* 229 F.3d 358, 365–66 (2d Cir.2000).

■ As noted above, the Defendants have submitted evidence, including a list of individuals employed by the Union; the tax status of those individuals; and a copy of the Union's Constitution, in support of their argument that the Union is not a covered "employer" under Title VII. However, the Court exercises its discretion not to convert the Defendants' motion to one for summary judgment because the Plaintiff has not had an opportunity, after discovery, to present evidence in response.

*See e.g., United States v. Rivieccio,* 661 F.Supp. 281, 288 (E.D.N.Y.1987) ("Although both sides have briefed the issue in depth, the court is reluctant to convert the motion to dismiss into one for summary judgment, *see* Fed.R.Civ.P. 12(b), because there has yet to be discovery on the question"); *cf. Rovira v. New York Apparel Sales,* 01 CV 2231(ILG), 2002 WL 1471557, at *2 (E.D.N.Y. May 31, 2002) (since the plaintiff "has had an opportunity to present evidence in response" to the defendants' motion to dismiss, it is converted to a motion for summary judgment). "At this juncture, having received only evidence from the Defendants on the fifteen-employee requirement of Title VII, the Court cannot say definitively that discovery will not bolster Plaintiff's position on this issue." *Fernandez v. M & L Milevoi Mgmt., Inc.,* 357 F.Supp.2d 644, 648 (E.D.N.Y.2005).

■■■■ The Defendants' characterization of the fifteen-employee requirement under Title VII as a required "threshold" or "predicate" showing to a Title VII claim does not dictate otherwise. In this regard, the Supreme Court of the United States has held that the "number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 516, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Thus, the Court may not construe the Defendants' motion to dismiss as one made under Fed.R.Civ.P. 12(b)(1) challenging subject matter jurisdiction, wherein a court may look beyond the complaint to such things as affidavits or other documents. *See Kamen v. AT & T,* 791 F.2d 1006, 1011 (2d Cir.1986).

■■■■ The Court further finds that the submitted documents were not "integral" to the complaint so that that the Court may consider them on a motion to dismiss. To be "integral to a complaint,

the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." *DeLuca v. AccessIT Grp., Inc.,* 695 F.Supp.2d 54, 60 (S.D.N.Y.2010) (citations and internal quotation marks omitted). Neither element is satisfied here. Contrary to the contention of the Defendants, there is nothing to indicate that the Plaintiff had actual notice of the number of employees within the Union or had access to such information. Nor is there any indication that the Plaintiff relied on this documentary evidence or the information contained therein.

Accordingly, the Court denies the Defendants' motion to dismiss the Plaintiff's Title VII claim, against the Union, as an employee of the Union on the ground that the Union is not an "employer" for the purposes of Title VII, without prejudice to later motion practice, if appropriate.

C. *As to the Title VII Claim Related to the Plaintiff's Status as a Union Member*

Discrimination by unions is prohibited by Title VII, which makes it "an unlawful employment practice for a labor organization ... to exclude or to expel from its *membership,* or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(c)(1)(emphasis added); *see Yerdon v. Henry,* 91 F.3d 370, 375 (2d Cir.1996) (finding that a labor union could be liable under Title VII).

■■■■ In the Court's view, the Plaintiff's allegations as to her alleged employment relationship with the Union are conclusory and fail to satisfy the liberal pleading standards in Title VII cases. *See e.g. Yusuf v. Vassar College,* 35 F.3d 709, 713–14 (2d Cir.1994) (dismissing the claims based on the plaintiff's conclusory assertions of ra-

cial and gender discrimination against a university); *Timmons v. City of Hartford,* 283 F.Supp.2d 712, 717–18 (D.Conn.2003) (dismissing the complaint based in part on the fact that no factual allegations were provided in support of the discrimination claim); *Richards v. Frank,* No. CV–89–3087, 1991 WL 35502, at *1–*2 (E.D.N.Y. Mar. 6, 1991) (holding it appropriate to grant a motion to dismiss a discrimination claim where claim is not supported by factual allegations). The only nonconclusory allegations of discrimination against the Plaintiff in the complaint relate to her status as a Union employee, rather than her status as a Union member. As the Defendants argue, there is no allegation that she was denied any right or privilege of union membership, or that the Union failed to take action on her behalf as a member, much less any action on the basis of gender.

In opposition to the present motion to dismiss, the Plaintiff argues that that she was "denied an opportunity that every other member of the union has—the ability to belong and participate in union committees for the purpose of conducting union business, gaining experience in those roles which could help her in the future, and garnering the admiration of her peers in the union." (Plf's Mem., at 10.) Even if this allegation were sufficient to withstand Rule 12(b)(6) scrutiny, the "Plaintiff may not amend h[er] complaint through motion papers and the Court will not consider th[ese] newly raised [allegations]." *Willner ex rel. Willner v. Doar,* 12–CV–1955 (RRM)(RER), 2013 WL 4010205, at *5 (E.D.N.Y. Aug. 5, 2013); *see also Wright v. Ernst & Young LLP,* 152 F.3d 169, 178 (2d Cir.1998) (rejecting a new claim raised for the first time in the plaintiff's opposition to a motion to dismiss).

Accordingly, the Court grants the Defendants' motion to dismiss the Plaintiff's

Title VII claim, against the Union, as a member of a "labor organization." However, as the Plaintiff may be able to make additional, cognizable allegations in this regard, she is given thirty days from the date of this order to file an amended complaint.

### III. CONCLUSIONS

In sum, the Court grants in part and denies in part the Defendants' motion to dismiss. The Court grants the motion as to the Plaintiff's Title VII claim, against the Union, as a member of a "labor organization" and dismisses that claim without prejudice. The Plaintiff is given thirty days from the date of this order to file an amended complaint. The Court otherwise denies the motion to dismiss.

**SO ORDERED.**